**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Bonelli, | No. CV 05-2928-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Rick Murphy; Lynn Murphy; Kevin Holldorf; and Murphy Development, Inc., d/b/a Rick Murphy's Chevron | |
| Defendants. | |

Currently before the Court is Plaintiff Martha Bonelli's ("Plaintiff") amended application to proceed in forma pauperis. (Dkt.#4). On November 3, 2005, this Court, after dismissing Plaintiff's complaint without prejudice with leave to amend, held in abeyance its ruling on Plaintiff's request to proceed in forma pauperis until it had an opportunity to review Plaintiff's amended complaint. (Dkt.#5). On December 5, 2005, Plaintiff filed the instant Amended Complaint. (Dkt.#6). Plaintiff's request to proceed in forma pauperis requires the Court to screen Plaintiff's Amended Complaint. See 28 U.S.C. §§ 1915(e)(B)(i),(ii). In screening the Amended Complaint, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i),(ii). Furthermore, the Court has a duty to ensure that it has

1  subject matter jurisdiction over all cases before it. See generally Valdez v. Allstate, 372 F.3d
2  1115, 1116 (9th Cir. 2004).

3  The Court previously dismissed Plaintiff's original complaint asserting claims of sexual
4  discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act
5  of 1964, because of Plaintiff's failure to demonstrate that Plaintiff had exhausted all
6  administrative remedies before filing suit in federal court. (Dkt.#5). Additionally, Plaintiff
7  failed to demonstrate any basis for equitable tolling. (Id.). In reviewing Plaintiff's Amended
8  Complaint, Plaintiff demonstrates that she did in fact exhaust the requisite administrative
9  procedures by filing a charge with the Arizona Civil Rights Division on November 5, 2004.
10 (Plaintiff's Amended Complaint, Exhibit C). Additionally, on February 11, 2005, the office
11 of the Attorney General mailed to Plaintiff the requisite "Notice of Right to Sue" letter. (Id.
12 at Exhibit B). The Right to Sue letter expressly directed Plaintiff that should she decide to
13 file suit, she was required to do so "**within 90 days** of the date [she] receive[d] this Notice
14 or **within one year** of the date [she] filed the charge, **whichever comes first**. (Emphasis
15 original). As such, Plaintiff was required to assert the original complaint within 90 days of
16 the date she received the "Right to Sue" letter. However, rather than comply with the
17 deadline, Plaintiff did not act until approximately seven months after the letter was mailed
18 with the filing of her original complaint on September 23, 2005. (Dkt.#1).  As such, it is
19 clear that Plaintiff's Amended Complaint before this Court is flawed as Plaintiff's action is
20 time barred. See Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996) (stating that
21 when the EEOC dismisses a claim, it must notify the claimant and inform him that he has 90
22 days to bring a civil action. See also Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.),
23 cert. denied , 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992) (stating that if the
24 claimant does not file within this 90-day period, the action is barred). Moreover, Plaintiff
25 makes no reference to the application of equitable tolling in her amended complaint. See
26 Johnson v. United States, Treas. Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (per curiam)
27 (entering summary judgment against plaintiff based upon timeliness where plaintiff made no
28 argument in support of application of equitable tolling). As such, it is clear that Plaintiff's

1 action is barred as she slept on her rights past the applicable filing period with this Court.
2 Moreover, because of the untimely nature of Plaintiff's action, any amendment of Plaintiff's
3 Amended Complaint would be futile. See Thinkjet Ink Information Resources, Inc. v. Sun
4 Microsystems,Inc., 368 F.3d 1053, 1061 (9th Cir. 2004) (noting that dismissal without leave
5 to amend is proper where complaint could not be saved by amendment).

6 **Accordingly,**

7 **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint and this action are
8 dismissed without prejudice and without leave to amend.

9 **IT IS FURTHER ORDERED** that in light of the Court's above ruling, Plaintiff's
10 application to proceed in forma pauperis is denied as moot. (Dkt.#4).

11 DATED this 6th day of July, 2006.

_____
Mary H. Murguia
United States District Judge